UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| ANTHONY MASON, | ) | CASE NO.  4:11 CV 1115 |
| | ) | |
| Petitioner, | ) | JUDGE DAVID A. KATZ |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| WARDEN ROBERT L.  FARLEY, | ) | |
| | ) | |
| Respondent. | ) | |


Before the Court is <u>pro</u> <u>se</u> petitioner Anthony Mason's above-captioned habeas

corpus action pursuant to 28 U.S.C. § 2241.  Mr. Mason is incarcerated at the Federal Correctional

Institution in Elkton, Ohio (F.C.I.  Elkton) and names F.C.I. Elkton Warden Robert L. Farley as

respondent.  He asserts the Warden's refusal to place him in a Residential Reentry Center (RRC)

for at least 12 months is a violation of the Second Chance Act.  He seeks this Court's intervention

to direct the Bureau of Prisons (BOP) to accelerate his placement in a RRC.  For the reasons set

forth below, the petition is denied.

*Background*

Mr. Mason was convicted by a jury of bank robbery in violation of 18 U.S.C. § 2113

and use of a firearm in violation of 18 U.S.C. § 924(c).  The trial court sentenced him to a term of

46 months imprisonment for the bank robbery conviction and a consecutive sentence of 84 months

for the firearm conviction.  He self-surrendered to the BOP on July 8, 2003.

At some point after he began serving his term of imprisonment, Mr.  Mason became

aware that the BOP determined he would be placed in an RRC for five months.  He asked his Unit

Team to reassess its decision, but the "request has been met with resistance and therefore the

petitioner is requesting the court to intervene."[1]  (Pet. at 2.)

*Analysis*

Mr. Mason claims the Warden's actions are contrary to the Second Chance Act and

the Ninth Circuit's ruling in "Rodriguez v.  Smith, 541 F.3d 1180[(9th Cir.  2008)]."  He recounts

the evolution of the BOP's policy of categorically excluding prisoners' placement in community

confinement until the last ten percent or six months of their sentences. While Mr. Mason

acknowledges that passage by Congress of the Second Chance Act addressed many concerns

surrounding prisoner placement in community correction centers, he asserts his issue is still ripe for

consideration in view of Rodriguez.

While reciting some facts from the Rodriguez opinion, Mr. Mason fails to draw any

direct link between his case and any relevant facts in Rodriguez.  He notes that the petitioner in

Rodriguez argued that BOP regulations 570.20 and 570.21 ignored the requisite factors outlined for

consideration under 18 U.S.C. § 3621(b).  As a result, Rodriguez court ordered the warden to

consider those factors to determine the appropriate length of the petitioner's placement in a RRC.

Noting that the Second Chance Act requires the pre-release consideration of inmates

---

[1]     Mr.  Mason does not elaborate on what kind of resistance he is experiencing.  Therefore, it is conceivable that the BOP in the process of reconsidering its original decision.

2

17-19 months before their release date, Mr. Mason argues he should be "given, or at least put in for, 12 months RRC placement ending with 6 months . . . home-confinement." (Pet. at 6.) He identifies himself as an ideal candidate for 12 months placement because he was on house arrest from April 18, 2001 until he self-surrendered on July 8, 2003. Now that he has served over 73% of his sentence, Mr. Mason claims he is even more eligible for consideration for 12 months placement in a less restrictive environment.

Mr. Mason did not exhaust his administrative remedies prior to filing his petition in this Court. He asserts that extraordinary circumstances exist which entitle him to waive the administrative exhaustion process. The circumstance he suggests is the fact that the longer he pursues his administrative remedies the sooner his requested relief may become moot.

### Initial Review

This matter is before the Court for screening. 28 U.S.C. § 2243; Harper v. Thoms, No. 02-5520 2002, WL 31388736, at *1 (6th Cir. Oct. 22, 2002). At this stage, allegations in the Petition are taken as true and liberally construed in Petitioner's favor. Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir.2001). As Mr. Mason is appearing pro se, his Petition is held to less stringent standards than those drafted by attorneys. Burton v. Jones, 321 F.3d 569, 573 (6th Cir.2003); Hahn v. Star Bank, 190 F.3d 708, 715 (6th Cir.1999). Upon careful review, the Court finds the petition lacks merit.

### Exhaustion

As a threshold matter, "federal prisoners complaining of events or conditions relating to their custody must exhaust their administrative remedies before habeas relief may be granted." Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981). Here, Mr. Mason seeks a waiver of the

3

requirement to exhaust his administrative remedies.  He speculates, without elaboration, that his efforts to exhaust his administrative remedies might interfere with the timeliness of the Court's remedy.  At present, Mr. Mason's projected release date is December 5, 2012.  As he is seeking 12 months placement in a RRC, and "at the later date be given the 6 months home confinement" (Pet. at 6), it appears he would like to be released to a RRC by December 5, 2011.

Exhaustion of administrative remedies is not jurisdictional for petitions filed pursuant to §2241.  Therefore, this Court must determine whether to excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court.  See Brown v. Rison, 895 F.2d 533, 535 (9th Cir.1990).  Upon review of the substance of Mr. Mason's issue before this Court, judicial economy dictates reaching the merits, which are "easily resolvable against [the] petitioner." See Lambrix v. Singletary, 520 U.S. 518 (1997)(Court would decide case on Teague grounds, rather than prolong litigation by remanding for consideration of procedural issues); Chambers v. Bowersox, 157 F.3d 560, 564 n. 4 (8th Cir.1998) ("The simplest way to decide a case is often the best.")

*28 U.S.C. §2241*

The same statute Mr. Mason invokes to assert his 'right' to consideration under the Second Chance Act is the same statute that outlines the BOP's discretion to manage the manner in which a prisoner is incarcerated:

> (a) A person who has been sentenced to a term of imprisonment pursuant to the provisions of subchapter D of chapter 227 shall be committed to the custody of the Bureau of Prisons. [...]

> (b) The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum

4

standards of health and habitability.

18 U.S.C. § 3621(a) & (b). Congress clearly granted the BOP broad discretion to determine where prisoners will serve their terms of imprisonment. Subsection 3621(a) directs that any people sentenced under a federal statutory term of imprisonment must be given over to the custody of the BOP. The first sentence of subsection 3621(b) employs mandatory language to create a duty in the BOP to do something with the prisoners in their custody, namely place them. The second sentence of the subsection authorizes the BOP to place prisoners in "any available penal or correctional facility." Id. Thus, the statute commits federal prisoners to the custody of the BOP, directs the Bureau do something to place the convicted individuals, and grants the BOP authority to select the prisoner's place of imprisonment.

Nothing in the statute limits the Bureau's authority to house prisoners. It does advise that the facility chosen must (1) be a "penal or correctional facility"; and, (2) meet "minimum standards of health and habitability established by the Bureau." Id. Hence, the only apparent limitation on the Bureau is that it choose a place that is a "penal or correctional facility."

Mr. Mason's suggests that it is within the BOP's discretion to consider him for 12 months placement in a RRC under the Second Chance Act, which states, in part:

> The Director of the Bureau of Prisons shall, *to the extent practicable*, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (*not to exceed 12 months*), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1)(emphasis added). While the Act mandates the BOP allow prisoners to spend their final months under conditions that will permit them to adjust to reentry into the

5

community, it only provides the BOP "may include a community confinement facility." Id.
Moreover, the mandate to consider placement under the Act is qualified by the phrase "to the extent
practicable." Id.  This clearly does not limit the BOP's discretion to determine whether an inmate
is eligible for R.R.C.  placement or home confinement under the Second Chance Act.

What the Act does require, and what Rodriguez underscored,[2] is that placement
decisions must be made on an individual basis with reference to the following five-factor criteria
set out in 18 U.S.C. § 3621(b):

> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence-
> (A) concerning the purposes for which the sentence to
> imprisonment was determined to be warranted; or
> (B) recommending a type of penal or correctional facility as
> appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing
> Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). Thus, before a prisoner is even considered eligible for transfer, the BOP must

consider the factors set forth in 18 U.S.C. § 3621(b).  Mr. Mason never claims or asserts that BOP

---

[2]       The old "10% rule" to which Mr.  Mason alludes was set forth in 28 C.F.R. §§ 570.20 and
570.21. On April 14, 2008, the BOP issued a memorandum requiring staff to review inmates 17-19
months before their projected release date using the statutory factors of 18 U.S.C. §3621. The
memorandum required that pre-release placement decisions "be made on an individual basis ...
according to ... the criteria in 18 U.S.C. § 3621(b) ... [and that] 28 C.F.R. §§ 570.20 and 570.21 ...
are no longer applicable, and must no longer be followed." (BOP Mem. of 4/14/08). On October 21,
2008, the BOP issued new regulations to replace those invalidated by Rodriguez v. Smith, 541 F.3d
1180, 1186 & n. 6 (9th Cir.2008) (declaring 28 C.F.R. §§ 570.20 and 570.21 invalid).

staff failed or refused to evaluate his eligibility for R.R.C. placement under the criteria required by the Act. The fact that 5 months placement in an RRC was considered an appropriate term for Mr. Mason does not establish that the BOP failed to comply with the Act.

*Transfer Not Appropriate*

Contrary to Mr. Mason's assertion, the Act does not entitle him to twelve months placement in a R.R.C.  Settled law establishes that prisoners have no inherent constitutional right to placement in any particular prison, security classification, or housing assignment. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983). Simply because the BOP has discretion to transfer or assign an inmate to a C.C.C. does not mean that it is required to do so, provided that it considers the appropriate factors. See Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 249 (3d Cir.2005).

Moreover, a request for transfer to an RRC or C.C.C. is not the appropriate remedy in this case.  Instead, Mr. Mason's remedy is a proper exercise of discretion by the respondent. See id., at 251. Congress has vested the BOP "with the right to exercise complete and absolute discretion in matters relating to the incarceration and classification of lawfully convicted prisoners." 18 U.S.C. § 3621; Moody v. Daggett, 429 U.S. 78, 88 (1976). There is no constitutional or inherent right of a convicted person to be released before the expiration of a valid sentence. Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979).  Mr. Mason has no due process right, protected by the Fifth Amendment, to be placed in a R.R.C. earlier than the date on which the BOP assigns him-as long as the BOP has considered the factors set forth in § 3621(b) as required by the Second Chance Act of 2007.  There is no reasonable suggestion that the BOP failed to consider those factors.

*Conclusion      .*

7

Based on the foregoing, the Petition is **dismissed** pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

/s/ David A. Katz
DAVID A. KATZ
UNITED STATES DISTRICT JUDGE

---

[3]    28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

8